UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEITH DAVID MILLS,

    Plaintiff,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS at el.,

    Defendants.

Civil Action No. 12-1637 (SRC)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff's submission of a civil complaint ("Complaint"), see Docket Entry No. 1, and an application to proceed in this matter in forma pauperis, see Docket Entry No. 1-1, and it appearing that:

1. Plaintiff, a civilly confined individual, executed the instant Complaint asserting that another civilly confined individual, namely, a certain Charles Williams ("Williams"), instituted an administrative action (seemingly, on behalf of himself and a quasi-class of civilly committed individuals) with a state agency and, being dissatisfied with the state agency's resolution of the same, appeal the outcome of that administrative action to a state court. Plaintiff also maintains that the remedies granted to Williams (and, perhaps, to the other members of the quasi-class) by the state court were not duly implemented by the state agency.

2. Plaintiff also asserts that another group of civilly committed individual, identified under initials "R.W.," "A.M." and akin, as well as under the name Arthur C. Wagner ("Wagner"), were denied toilet paper, food, recreation, library services, that Wagner was

   beaten to death, and that these events gave rise to additional legal actions that were adjudicated in the state courts.[1]

3. On the basis of these allegations, Plaintiff seeks this Court's order preventing the New Jersey Department of Corrections from transferring civilly committed individuals currently held at the Avenel facility to other facilities.[2]

4. To the extent Plaintiff seeks to raise claims on behalf of other civilly committed individuals, Plaintiff is without standing to raise such challenges. Under the "next friend" doctrine, standing is allowed to a third person so this third person could file and pursue a claim in court on behalf of someone who is unable to do so on his or her own. The doctrine dates back to the English Habeas Corpus Act of 1679 and provides a narrow exception to the "case or controversy" requirement set forth in the Article III of Constitution. See Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). The Whitmore Court set out two requirements that should be met by the one seeking to qualify for "next friend" standing: (1) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [(s)he] seeks to litigate" (and it has been suggested that a "'next friend' must have some significant relationship with the real party in interest"); and (2) "the 'next friend' must provide an adequate explanation — such as inaccessibility, mental incompetence, or other disability — why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64. Since Witmore, the Supreme Court

---

[1] The Complaint did not elaborate on the outcomes of these additional state actions.

[2] Since Plaintiff is currently held at the Avenel facility, the Court presumes Plaintiff meant to include himself in the list of those individuals whom he wanted to continue residing at Avenel.

further elaborated the standing requirements of Article III in terms of a three-part test, i.e., whether the plaintiff can demonstrate an injury in fact that is fairly traceable to the challenged actions of the defendant and likely to be redressed by a favorable judicial decision. See Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 102-103 (1998). However, "the point has always been the same: whether a plaintiff 'personally would benefit in a tangible way from the court's intervention.'" Id., at 103 n. 5 (quoting Warth v. Seldin, 422 U.S. 490, 508 (1975)); see also, Sprint Communs. Co., L.P. v. APCC Servs., 554 U.S. 269, 301 (2008) (Roberts, J., dissenting) ("The absence of any right to the substantive recovery means that respondents cannot benefit from the judgment they seek and thus lack Article III standing. 'When you got nothing, you got nothing to lose'") (quoting, with correction of grammar, Bob Dylan, Like A Rolling Stone, in On Highway 61, Revisited (Columbia Records 1965)). Here, it is self-evident that Plaintiff cannot proceed jus tertii on behalf of other individuals who instituted state actions (or whose claims for wrongful death were prosecuted by their next of kin), or those currently nconfined at the Avenel facility: Plaintiff is without standing to allege these claims for failure to show incapacity of these individuals to prosecute their challenges.[3]

---

[3] In addition, these claims are facially barred by the Rooker-Feldman doctrine to the extent those civilly committed individuals lost before the state courts. The Rooker-Feldman doctrine provides that a party who loses in state court may not bring an action in federal court, complaining of injuries caused by the state court judgment. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Likewise, a district court may not "entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack was 'inextricably intertwined' with the state court's judgment." Exxon Mobil Corp., 544 U.S. at 286 n.1 (quoting Feldman, 460 U.S. at 482 n.16.) A claim is "inextricably intertwined" with a state court judgment if it requires the court to determine "that the state court judgment was

5. To the extent Plaintiff seeks this Court's order directing the Department of Correction not to transfer Plaintiff to another facility, Plaintiff's claims are facially meritless.[4]

---

erroneously entered in order to grant the requested relief." Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004) (citing Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F.3d 411, 421 (3d Cir. 2003)). Alternatively, to the extent those civilly committed individuals won before the state courts, this Court is without power to direct mandamus relief (in the form of an order directing compliance with the state courts' decisions): Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The state courts are the only entity having the power to enforce their decisions against state actors: this Court does not have jurisdiction under 28 U.S.C. § 1361 to issue a mandamus order to state officials. See Harman v. Datte, 427 F. App'x 240, 243 (3d Cir. 2011).

[4] Since the Complaint at bar asserts no facts whatsoever with regard to Plaintiff's circumstances, the Complaint is invalid under Rule 8. In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89 (2007); Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). However, a court will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id. Addressing the clarifications as to the litigant's pleading requirement stated in the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct." Id.

Id. at 230-34 (original brackets removed). This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

6.  A plaintiff may have a cause of action under Section 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

---

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant- unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

7. Here, Plaintiff's Complaint asserts that a hypothetical transfer of civilly committed individuals (presumably, Plaintiff included) to another facility would necessarily violate Plaintiff's rights. However, Plaintiff has no constitutional rights in being held in any particular facility, and he could be transferred to any other facility (even top a prison-like facility), since the decision where to house Plaintiff falls within discretionary power of the Department of Corrections. In Kansas v. Hendricks, 521 U.S. 346 (1997), the Supreme Court of the United States examined the conditions of confinement mandated by Kansas' Sexually Violent Predator Act ("Kansas Act"), a legislation substantively indistinguishable - for the purposes of this Court's analysis - from the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, et seq. The Kansas Act called for confinement of sexually violent predators in secure facilities that could be, regime- and conditions-wise, analogized to a correctional facility. See id., 521 U.S. at 363-64. The Court, however, concluded that housing of civilly committed individuals at the segregated prison-like unit was not a violation of these individuals' constitutional rights, since the conditions within the unit were essentially the same as those existing in mental hospitals for involuntarily committed persons (and since the residents of the

segregated unit were receiving mental treatment under the language of the Kansas Act). See id., 521 U.S. at 363, 364, 365-368. Consequently, the Court held that involuntary confinement under the Kansas Act was not unconstitutional with regard to civilly committed individuals confined within prison grounds, so long as such civilly committed individuals were: (a) segregated from the general prison population; and (b) afforded a treatment comparable to that provided to other civilly committed persons confined in treatment units. See id., 521 U.S. at 368-69; see also Seling v. Young, 531 U.S. 250, 261-62 (2001) (revisiting the same issue in detail upon examination of the State of Washington's version of the SVPA and, in addition, holding that placement of civilly committed individuals in a unit located within prison grounds and having prison-like administrative regime did not violate the Double Jeopardy Clause was without merit). In light of the Supreme Court precedent unambiguously established in Hendricks and Seling, Plaintiff's allegations, even had they been based on the fact of his actual, rather than hypothetical future transfer to another facility, would necessarily be subject to dismissal with prejudice, for failure to state a claim upon which relief can be granted. See In re Commitment of W.Z., 173 N.J. 109, 801 A.2d 205 (2002) (same); accord United States v. Comstock, 130 S. Ct. 1949 (2010) (addressing a federal statute under which federal SVPs - whose prison term expired and civil commitment begun - continued being housed within the same prison facility where they have actually served their sentences). A fortiori, Plaintiff's speculative claims about his potential transfer are

invalid.[5] See Twombly, 127 S. Ct. at 1965 & n.3.("factual allegations must be enough to raise a right to relief above the speculative level").

8. The foregoing analysis cannot, but of course, exclude the scenario where Plaintiff might, eventually, develop a viable claim in the event he is actually transferred to another facility and denied medical treatment (or food, or basic condition-of-confinement amenities) at that facility (or if he remains at Avenel but is denied medical treatment, or food, or basic condition-of-confinement amenities, etc. while at Avenel).[6] If Plaintiff is eventually exposed to such circumstances, he may institute a civil action seeking injunctive relief and/or damages on the basis of the wrongs *actually experienced by Plaintiff himself*.[7]

IT IS, THEREFORE, on this _____ day of _____, 2012,

ORDERED that Plaintiff's application to proceed in forma pauperis in this matter is granted, and the Clerk shall file Plaintiff's Complaint; and it is further

---

[5] For the reasons not entirely clear to this Court, the Clerk – while correctly designating the "cause" in this matter as 42 U.S.C. § 1983 and the "jurisdiction" as "federal question" – made a notation in the "docket text" section of the docket sheet stating that Plaintiff's Complaint is a "petition for a writ of habeas corpus" filed pursuant to 28 U.S.C. § 2254. However, Section 2254 is a provision allowing a litigant to challenge only the fact or duration of his/her confinement ensuing from a state court judgment. (No such challenge is raised in the Complaint at bar.) Indeed, no challenges to one's place of confinement or transfer from one facility to another could be asserted in a habeas petition. See, e.g., Ganim v. Federal Bureau of Prisons, 235 F. App'x 882 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas).

[6] Plaintiff's allegations stated in the Complaint focus on alleged transfers of civilly committed individuals who were moved to other facilities because these individuals were *resisting treatment* rather than *denied treatment*.

[7] In light of Plaintiff's status of civilly committed individuals, no filing fee collection will be ordered by this Court upon granting Plaintiff in forma pauperis status. The Clerk will be directed to serve Plaintiff with a blank in forma pauperis form and a blank civil complaint form to facilitate Plaintiff's efforts in commencing a civil action on the basis of Plaintiff's own challenges, that is, in the event such challenges ever ripen.

ORDERED that Plaintiff's claims raised jus tertii are dismissed for lack of standing; and it is further

ORDERED that Plaintiff's claims, if any such claims were intended, seeking mandamus order enforcing a state court judgment are dismissed for lack of jurisdiction; and it is further

ORDERED that Plaintiff's claims, if any such claims were intended, seeking to re-litigate state courts' decisions are dismissed pursuant to the RookerFeldman doctrine; and it is further

ORDERED that Plaintiff's challenges to a hypothetically-possible Plaintiff's future transfer another facility, if any such claims were intended, are dismissed as both premature/speculative and for failure to state a claim upon which relief can be granted; and it is further

ORDERED that Plaintiff's challenges to a hypothetically possible deficiencies in Plaintiff's medical care and/or conditions of confinement, if any such claims were intended, are dismissed as facially unripe. Such dismissal is without prejudice to raising these challenges by means of a new and separate civil complaint in the event these claims do ripen; and it is further

ORDERED that the Clerk shall close this action by making a new and separate entry on the docket reading "CIVIL CASE CLOSED"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and include in the said mailing a blank in forma pauperis form for confined individuals and a blank civil complaint form.

/s/ Stanley R. Chesler
Stanley R. Chesler
United States District Judge